UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELEANOR NUTTLE,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                                     07-CV-204S

DENNIS PONTON, et. al.,

                Defendants.

1.      In this action, Plaintiff brings a claim under 42 U.S.C. § 1983, alleging that Defendants deprived her of a protected liberty interest without due process of law. (Complaint, Docket No. 1, ¶¶ 1-2). Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing in part that Plaintiff has failed to allege that Defendants deprived her of a liberty interest. (Defendants' Memorandum of Law ("Defendants' Mem."), Docket No. 4, pp. 4-5).[1] For the following reasons, Defendants' Motion is granted and Plaintiff's Complaint is dismissed.

2.      Plaintiff alleges that in 2000, while she was a student at Buffalo State College, Professor Thomas Giambrone made certain complaints against Plaintiff to the Director of Judicial Affairs. (Complaint, Docket No. 1, ¶¶ 6, 10). In 2004, Plaintiff was granted an internship in the Office of the Dean of Students at Buffalo State College. (Complaint, Docket No. 1, ¶¶ 7, 14). When she appeared for work, however, Plaintiff was informed that she would not be allowed to do her internship because she had a "judiciary file" outstanding against her. (Complaint, Docket No. 1, ¶ 15).

When Plaintiff completed her masters degree in 2005, she applied for several jobs

---

[1] In support of their Motion to Dismiss, Defendants have submitted the Declaration of Stephen Gawlik and a Memorandum of Law. In Response, Plaintiff has submitted the Affirmation of David J. Seeger, and a Memorandum of Law in Opposition. In reply, Defendants have submitted a Reply Memorandum of Law.

at Buffalo State College.  (Complaint, Docket No. 1, ¶¶ 18-19).  Plaintiff states that despite her qualifications, she received no interviews or job offers from these applications.  (Complaint, Docket No. 1, ¶¶ 20-22).

Plaintiff alleges that she "was stigmatized by the Giambrone complaints which . . . adversely reflected upon her reputation, integrity and fitness for employment.  (Complaint, Docket No. 1, ¶ 25).  Plaintiff states that she has had no opportunity to address the nature of these complaints or present her side of the story.  (Complaint, Docket No. 1, ¶¶ 27-29).

3.     Defendants have filed a Motion to Dismiss arguing that Plaintiff has failed to allege that she was deprived of a protected liberty interest.  (Defendants' Mem., pp. 3-6).  Specifically, Defendants argue that there is nothing in the Complaint alleging that the Giambrone allegations were publicized or disseminated such that they could cause harm to Plaintiff's reputation in the community.  (Defendants' Mem., p. 6).  Without the element of publication, Defendants contend that Plaintiff's claim fails to state a cause of action.

4.     Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in plaintiff's favor.  <u>ATSI Communications, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007); <u>Goldstein v. Pataki</u>, ___F.3d___, 2008 WL 269100 at *4 (2d Cir. Feb. 1, 2008).  While the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief."  <u>Bell Atlantic Corp. v. Twombly</u>, ___U.S.___,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>, <u>Goldstein</u>, ___F.3d___, 2008 WL 269100

at *4.

5.  Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983; Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir.1999).  The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV.  Here, Plaintiff's claim is that the Defendants deprived her of a protected liberty interest without due process in violation of the 14th Amendment to the Constitution.  (Complaint, Docket No. 1).

To prevail in this case, Plaintiff must meet the requirements of a "stigma-plus" claim. The stigma-plus standard requires that Plaintiff show the following: (1) that Defendants made stigmatizing statements about her that call into question her "good name, reputation, honor, or integrity" or that "denigrate [her] competence as a professional and impugn [her] professional reputation in such a fashion as to effectively put a significant roadblock in [her] continued ability to practice [her] profession;" (2) that the stigmatizing statements were made public; and (3) that the stigmatizing statements were made concurrently with Plaintiff's dismissal.  Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004).

6.  Plaintiff contends that the Patterson v. City of Utica case cited above is not on point because it concerns a plaintiff who was terminated from government employment. (Plaintiff's Memorandum of Law, Docket No. 7, pp. 4-5).  Plaintiff argues that this Court should instead look to Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994), which addresses whether a plaintiff had a liberty interest in the alleged loss of *prospective* employment. (Plaintiff's Mem., p. 5).

In <u>Valmonte</u>, the plaintiff brought a claim against state defendants for listing her on a register of suspected child abusers. 18 F.3d at 995-96. The plaintiff contended that by stigmatizing her as a child abuser, the state government had deprived her of the ability to seek employment, and had therefore deprived her of a protected liberty interest. <u>Valmonte</u>, 18 F.3d 998. The <u>Valmonte</u> Court explained the stigma-plus test, and in particular the publication requirement, stating that "Valmonte first must prove that her inclusion on the Central Register will result in stigma, that is, in 'public opprobrium' and damage to her reputation." 18 F.3d at 999-1000. The <u>Valmonte</u> Court continued by noting that the court below had found "that the *disclosure* of Valmonte's status on the list to prospective employers was *enough publication* to implicate her reputation." 18 F.3d at 1000 (emphasis added).

7.      In both <u>Patterson</u> and <u>Valmonte</u>, the Second Circuit held that under the stigma-plus test, Plaintiff must allege that the stigmitizing information was *publicized*. <u>Patterson</u>, 370 F.3d at 330; <u>Valmonte</u>, 18 F.3d at 999-1000. Without the element of publication, there is no potential for the stigmatizing information to harm Plaintiff's reputation in the community. In the present case, Plaintiff's claim fails because she has not alleged that Defendants publicized the allegedly stigmatizing information.

Plaintiff fails to allege that Defendants publicized the complaints by Professor Giambrone or disseminated the stigmatizing information outside of Buffalo State College. Without this element of publication, there is no risk of harm to Plaintiff's reputation in the community. Because Plaintiff has failed to allege that Defendants publicized the stigmatizing information, this Court must grant Defendants' Motion to Dismiss. Plaintiff has failed to state a cause of action under the stigma-plus test as set forth by the Second

Circuit in <u>Patterson</u> and <u>Valmonte</u>.  <u>See</u> <u>Patterson</u>, 370 F.3d at 330; <u>Valmonte</u>, 18 F.3d at 999-1000.

    8.    For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff's Complaint (Docket No. 1) is DISMISSED.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:  March 9, 2008
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge